## L. B. PHELPS v. STATE.

No. A-6069.   Opinion Filed April 28, 1928.
(266 Pac. 793.)

·Clayton Carder, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of the crime of selling intoxicating liquors to Thomas Connor, on the 1st day of April, 1925, and the jury fixed his punishment at imprisonment in the county jail for 60 days and a fine of $100.   Motion for a new trial was filed and overruled, and defendant has appealed to this court.

The testimony is, in substance, as follows:   Tom Connor was called as a witness for the state, and testified that he bought about 2½ gallons of whisky from the defendant on or about the date alleged in the information; a check, introduced in evidence, showed to have been paid to the defendant, signed by Tom Connor, which the witness for the state alleged was the check he paid the defendant for the whisky he had

bought. The witness testified further that he was very drunk, and that the defendant drove his car out a short distance from Mountáin View, near the stockyards, where he left him, and he stayed there until nearly daylight, and when he woke there was only a half gallon of whisky there by his car. The defendant denied the selling of the whisky to the state witness, and stated that he had cashed the check for Tom Connor on Sunday afternoon, at a certain garage, and called two more witnesses, who testified they were there when Tom Connor came and wanted the check cashed, and that the defendant, who lived near the garage, took the check and went away and came back in a few minutes, but they did not know whether he gave Tom Connor money or the check back. That the prosecuting witness showed evidence of having been drinking.

The defendant alleges six errors committed by the trial court. The only error we deem necessary to consider is the sixth assignment, which is that the court erred in overruling the defendant's motion for a new trial. In this case the evidence is conflicting, the state witness being positive as to a sale by the defendant to the prosecuting witness. The defendant testified that he did not make the sale to him, and that he cashed the check that was introduced in evidence for the defendant, and that it was not for the purchase of whisky. The defendant admits that he drove the car of the prosecuting witness out near the edge of town and there left him in a drunken condition.

This court has repeatedly held that where there is any credible evidence to sustain the finding of the jury, this court will not disturb the verdict even though the evidence is conflicting. Love v. State, 12 Okla. Cr. 1, 150 P. 913; Thomas v. State, 13 Okla. Cr. 414, 164 P. 995.

Finding no errors prejudicial to the rights of the defendant, the judgment and sentence of the trial court is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.